UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin Deneil Dinkins, # 323872, | ) C/A No. 9:08-0859-CMC-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Lawrence Dinkins; Sumter County Correctional Institution; Agent NFN Clemons; and Mamie Ella Sanders Dinkins, | ) |
| Defendants. | ) |

This is a civil rights action filed by a state prisoner. Therefore, in the event that a limitations issue arises, the plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In an order filed in this case on March 13, 2008, the undersigned granted the plaintiff's motion to proceed *in forma pauperis* and directed him to submit Forms USM-285 and summonses. The plaintiff did so. In light of the District Court's Order (Entry No. 25) of November 7, 2007, in *Devin Dinkins v. Agent Clemons*, Civil Action No. 9:07-3056-CMC-GCK, service of process was

1

authorized upon the defendants in the above-captioned case pursuant to the undersigned's order of March 26, 2008.[1]

Three of the four defendants have answered. The Marshal attempted to serve Mamie Ella Sanders Dinkins, but has not been able to serve her because she does not reside at the address provided by the plaintiff on the Form USM-285. *See* Entry No. 56. The 120-day limit for service of process has expired, even if one calculates it from the day service of process was authorized.[2]

## *Discussion*

Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. *See, e.g., Mendez v. Elliott*, 45 F.3d 75, 78-

---

[1] As pointed out in a footnote in the order of March 26, 2008, it is unlikely that two of the defendants have acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982). Moreover, the Sumter County Correctional Center does not appear to be a "person" subject to suit pursuant to 42 U.S.C. § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

[2] When the above-captioned case was received on March 11, 2008, the case was not "in proper form." Hence, service of process was not authorized until March 26, 2008, when the plaintiff brought this case into "proper form."

2

80 (4th Cir. 1995) (collecting cases);[3] *Epstein v. White*, 1991 U.S.Dist. LEXIS® 14888, 1991 WL 214152 (N.D. Ill., Oct. 18, 1991), *reconsideration denied*, *Epstein v. Frye*, 1992 U.S.Dist. LEXIS® 13574, 1992 WL 225566 (N.D. Ill., Sept. 8, 1992); and *cf. Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991).

### Recommendation

It is recommended that the District Court dismiss Mamie Ella Sanders Dinkins *without prejudice* for failure of service of process. In light of this recommendation, I also recommend that the plaintiff's motion to subpoena Mamie Ella Sanders Dinkins (Entry No. 63) **be denied**. The attention of the parties is directed to the Notice on the next page.

August 12, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

---

[3]Other courts were not kindly disposed to the holding in *Mendez v. Elliott*. In *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999) ("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of *Mendez* is seriously in doubt."), the district court concluded that *Mendez v. Elliott* was superannuated by *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule *Mendez v. Elliott*. *See also AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104 (S.D.N.Y. 2000); and *Melton v. TYCO Valves & Controls, Inc.*, 211 F.R.D. 288, 289-290 (D. Md. 2002) ("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527.").

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).