IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Devin Deneil Dinkins, # 323872, ) | C/A NO. 0:08-859-CMC-MAGCIV |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Lawrence Dinkins; Sumter County ) | |
| Correctional Institution; and Agent NFN ) | |
| Clemons,[1] ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation. However, this court retains the authority to withdraw the reference and proceed to consider the dispositive motions in this case without a Report and Recommendation from a Magistrate Judge. Therefore, this court hereby withdraws the reference to a Magistrate Judge and proceeds to consider the parties' motions for summary judgment. For the reasons stated below, the court **denies** Plaintiff's motion for summary judgment, and **grants** summary judgment to Defendants Sumter County Correctional Institution and Agent NFN Clemons. The court **grants** Defendant's Lawrence Dinkins motion to dismiss any federal causes of action, and dismisses any state law claims against this Defendant without prejudice.

---

[1] Defendant Mamie Ella Sanders Dinkins was previously dismissed from this action by order of this court filed September 10, 2008. *See* Dkt. # 76.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

### DISCUSSION

Plaintiff acknowledges in his response to Defendants' motions for summary judgment that "[u]nfortunately I . . . was unable to submit . . . sufficient evidence on my behalf that should have supported by written statement under oath concerning Sumter County Correctional Institution and Agent NFN Clemons." Dkt. # 74 at 2 (filed Aug. 18, 2008). Therefore, for the reasons in Defendants' motions, with which this court agrees, the motions for summary judgment by Sumter County Correctional Institution and Agent NFN Clemons are **granted**.

Plaintiff has failed to assert a viable federal cause of action as to Defendant Lawrence Dinkins. Therefore, Defendant Dinkins' motion to dismiss for failure to state a claim is **granted**.

As to any remaining state law causes of action relating to Defendant Dinkins, this court's continued exercise of jurisdiction over these claims is premised on supplemental jurisdiction.

It is this court's customary practice to decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed in advance of trial. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). As the Fourth Circuit explained in *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir. 1996), the decision to decline the exercise of supplemental jurisdiction after dismissal of the original jurisdiction claim will "hinge on the moment within the litigation when the dismissal of the touchstone claim takes place . . . ." (*quoting* 28 U.S.C. § 1367, practice commentary (West 1993)). Where the original jurisdiction claim is dismissed before trial, the state claims should be dismissed as well. *Gibbs*, 383 U.S. at 717; *Taylor*, 81 F.3d at 437. The court notes that 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any [state law claim asserted under 1367(a)] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."[2]

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the court dismisses any remaining state law claims against Defendant Lawrence Dinkins without prejudice.

**CONCLUSION**

The motions for summary judgment of Defendants Sumter County Correctional Institution and Agent NFN Clemons (Dkts. # 50 and 58) are **granted**. Plaintiff's motion for summary judgment (Dkt. # 54) is **denied**, and Plaintiff's federal claims as to all Defendants are dismissed with prejudice. Any remaining state law claim contained in Plaintiff's complaint against Defendant Lawrence Dinkins are dismissed without prejudice.

---

[2] The constitutionality of this statute was upheld in *Jinks v. Richland County*, 538 U.S. 456 (2003).

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 23, 2008
C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~9207000.wpd